IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL : | |
| TRUST COMPANY, : | |
|     Plaintiff : | Civil No. 1:12-cv-01678 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| DOUGLAS STRUNZ, : | |
|     Defendant : | |

**MEMORANDUM ORDER**

Presently pending before the Court is Plaintiff's motion for default judgment. (Doc. No. 12.) Because Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion but defer entering judgment pending a determination as to the amount of attorney's fees to be awarded.

**I.    BACKGROUND**

On August 22, 2012, Plaintiff Deutsche Bank National Trust Company filed this mortgage foreclosure action against Defendant Douglas Strunz. (Doc. No. 1.) In its complaint, Plaintiff alleges that Defendant has failed to make timely mortgage payments on a property located at 4 Squirrelwood Court, Effort, Pennsylvania and, as a result, owes Plaintiff $201,115.67, consisting of $157,982.66 in unpaid principal of mortgage debt; $20,257.34 in accrued interest; $630.85 in late charges; $17,668.32 in escrow advances; $250.00 in appraisal fees; $168.00 in property inspection fees; $2,120.00 in property preservation fees; and $2,038.50 in attorney's fees and foreclose costs. (Id. ¶ 11; Doc. No. 12-2.)

The record shows that, although Defendant was properly served with the summons and complaint, Defendant has not appeared, answered, moved, or otherwise responded to the

1

pleading. After Defendant failed to respond to the pleading, Plaintiff requested, and the Clerk of Court entered, default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. Nos. 11, 14.)

## II. DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Here, Plaintiff has moved for the Clerk of Court to enter default judgment pursuant to Rule 55(b)(1). (Doc. No. 12.) The Clerk, however, may not enter default judgment under Rule 55(b)(1) because Plaintiff seeks not only a "sum certain," but also, attorney's fees in the amount of $2,038.50. (Doc. No. 12-2.) See Fed. R. Civ. P. 55(b)(1) (stating that the clerk may enter default judgment only where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation"); Moore § 55.20[4] ("A claim for attorney's fees will rarely be for a 'sum certain' because, typically, a judicial determination is necessary to decide whether to award fees, and, if an award will be made, in what amount."). Plaintiff has not presented an affidavit or set forth any facts clearly establishing the appropriateness of the amount of attorney's fees. Thus, the Court will construe Plaintiff's motion as an application for default judgment to be entered by the Court under Rule 55(b)(2).

Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to enter default judgment under Rule 55(b)(2) rests in the discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be

prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c). As the United States Court of Appeals for the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis. When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment. First, there is a risk of prejudice to Plaintiff if default is denied, as Defendant is owed over $200,000. Second, Defendant has not asserted any defense, either by answering the allegations of the complaint or by opposing the present motion for default judgment. Finally, the Court can find no excuse or reason for Defendant's default other than his own conduct. Plaintiff has shown that Defendant was served with all of the required documents. Despite this fact, Defendant has neither engaged in the litigation process nor offered any reason for his failure to appear.

Therefore, the Court finds that Defendant is personally culpable for his failure to appear and that there is no basis to excuse this conduct. Accordingly, default judgment is warranted.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations in the complaint, taken as true, are sufficient to show that Plaintiff is entitled to the relief requested. Further, Plaintiff has supported the amounts of requested damages, save for the requested amount of attorney's fees, with exhibits and an affidavit. (Doc. No. 1-2; Doc. No. 12-2.) Because Plaintiff has not submitted evidence demonstrating that its requested amount of attorney's fees is reasonable, the Court will require Plaintiff to submit further evidence to support the request.

In assessing a request for attorney's fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter. Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." Id. at 1183; E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, 461 U.S. at 433). An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).

While Plaintiff has not adequately supported its claim for the requested amount of attorney's fees, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amount will likely be computable from proper documentary evidence. See Moore § 55.32[2][c] ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue"). As such, Plaintiff will be required to submit further evidence in support of its claimed attorney's fees.

**ACCORDINGLY**, on this 9th day of January 2013, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for entry of default judgment (Doc. No. 12) is **CONSTRUED** as an application for default judgment pursuant to Rule 55(b)(2), and the motion is **GRANTED**;

2. Within fourteen days of the date of this order, Plaintiff **SHALL SUBMIT** further evidence in support of its request for attorney's fees; and

3. The Clerk of Court is directed to defer entering judgment on Plaintiff's claims pending the Court's computation of the appropriate amount of attorney's fees.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania